GERALD S. GORDON ET AL, Relators

V.

HONORABLE P. FRANK LAKE, SECRETARY OF STATE, Respondent

No. A-8583.  Delivered April 4, 1962
Rehearing Denied April 25, 1962
356 S.W. 2d 138

ASSOCIATE JUSTICE GRIFFIN, dissenting.

ASSOCIATE JUSTICE STEAKLEY, not sitting.

*Gerald S. Gordon, Myron M. Sheinfeld,* Houston, for relators.

*Will Wilson,* Atty. Gen., Austin, *Fred Werkenthin, Bob Shannon,* Asst. Attys. Gen. for respondent.

WALKER, JUSTICE.

This is an original proceeding in which Gerald S. Gordon et al, relators, seek a writ of mandamus requiring Honorable P. Frank Lake, Secretary of State, respondent, to file a corporate charter setting forth the purposes formerly authorized by Article 1303b, Vernon's Ann. Texas Civ. Stat. The statute was expressly repealed by the Legislature effective ninety days after May 29, 1961. Acts 1961, 57th Leg., p. 458, ch. 229. Relators

presented their original charter to respondent on August 3, 1961. An amended charter was submitted five days later, and respondent refused to file the same on the ground that Article 1303b had previously been repealed by the Texas Business Corporation Act, which was adopted in 1955. Motion for leave to institute the present proceeding was filed on August 9, 1961.

For some time after the adoption of the Business Corporation Act, the Secretary of State accepted and filed charters containing purpose clauses stated in the terms of Article 1303b. In Opinion No. WW-77 dated April 1, 1957, the Attorney General took the position that the earlier statute was repealed by such Act. As indicated above, it was solely for this reason that respondent declined to file the charter presented to him by relators. He concedes that if they were entitled to organize a corporation for the purposes authorized by Article 1303b, the instrument tendered to him complied in all respects with the laws then in effect.

■ A statute may be repealed expressly or by implication. Where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. See Motor Inv. Co. v. City of Hamlin, 142 Texas 486, 179 S.W. 2d 278. Repeals by implication are not favored, however, and laws relating to the same subject should be considered as though incorporated in the same act. If they can be harmonized and effect given to each when so considered, there is no repeal by implication. See Conley v. Daughters of The Republic, 106 Texas 80, 156 S.W. 197.

Several types of corporations are expressly excepted from the provisions of the Business Corporation Act. Article 2.01[1] provides that "[n]o corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act: * * * (4) If any one or more of its purposes is to operate any of the following: * * * (b) trust companies * * *." Section A of Article 9.14 declares as a general rule that the Act does not apply to corporations organized for any of such purposes. It is provided, however, that:

"* * * if any of said excepted domestic corporations were heretofore or are hereafter organized under special statutes which contain no provisions in regard to some of the matters provided for in this Act, or any such excepted foreign corpora-

---

1. Except as otherwise indicated all statutes are referred to by the article number under which they appear in V.A.T.S. Bus. Corp. Act.

tions were heretofore or are hereafter granted authority to transact business within this State under any special statute which contains no provisions in regard to some of the matters provided for in this Act in respect of foreign corporations, or if such special statutes specifically provide that the general laws for incorporation or for the granting of a certificate of authority to transact business in this State, as the case may be, shall supplement the provisions of such statutes, then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes."

Subject to the exceptions and limitations of said Section A, the Act is made applicable to all domestic corporations organized after its effective date. Article 9.14, Section D. It is further provided that subject to the provisions of Articles 9.14, 9.15, Section C of Article 2.02 and Section B of Article 9.16, "and excluding any existing general Act not inconsistent with any provisions of this Act, no law of this State pertaining to private corporations, domestic or foreign, shall hereafter apply to corporations organized under this Act * * *." Article 9.16.

As pointed out in Carney v. Sam Houston Underwriters, Texas Civ. App., 272 S.W. 2d 942 (wr. ref., n.r.e.), the ordinary conception of a trust company is one that is authorized to take and administer trusts. Prior to its repeal, Article 1303b permitted the organization of a corporation with the power, among others, to act as trustee under any lawful express trust committed to it by contract or will, or under appointment of any court having jurisdiction of the subject matter. This is one of the stated purposes of the charter now in question, and we agree with the Attorney General that relators are attempting to organize a "trust company" within the meaning of the Business Corporation Act.

██ It is evident that the Legislature did not intend for the Act to embrace all of the law on the subject of corporations and their creation. The excepted corporations may not be organized under or adopt its terms, but their organization under other applicable laws is clearly contemplated thereby. None of the provisions of Chapter 2, Title 32, Texas Revised Civil Statutes 1925, as amended, was expressly repealed, and we find nothing in the Act to support the conclusion that they were repealed by implication. To the extent that they relate to the organization of excepted corporations, such provisions are in no way inconsistent with the Business Corporation Act. It is our opinion that Article 1303b was in full force and effect when relators pre-

sented their charter for filing and that respondent should have accepted and filed the same.

■ The Attorney General also argues that mandamus should not issue because relators had an adequate remedy by appeal under the provisions of Article 9.04. Any person whose charter is not approved by the Secretary of State is there granted the right of appeal to any district court of Travis County. We have already pointed out that relators were not entitled to organize their corporation under the Act, but it is contended that the appeal provisions of Article 9.04 were extended to them by the proviso of Article 9.14 quoted above. Such proviso makes the Act applicable, in so far as excepted corporations are concerned, only where: (1) a domestic corporation has been organized under a special statute which contains no provision with reference to some of the matters covered by the Act; (2) a foreign corporation has been granted authority to do business in this State under a special statute which does not deal with all of the matters provided for in the Act; or (3) such special statutes specifically provide that their provisions shall be supplemented by the general laws for incorporation or for the granting of a permit to do business in Texas. Since the Legislature has declared in plain and explicit terms the circumstances under which the Act shall apply to excepted corporations and to the incorporation of the same, it cannot fairly be said that the lawmakers intended to make such provisions applicable to every effort to organize an excepted corporation. The reference to statutes which *specifically* provide that their terms shall be supplemented by the general laws for incorporation indicates rather clearly that the Act is not to be extended by construction to all persons who seek to organize any type of corporation. We are not here dealing with an existing domestic or foreign corporation, and relators are not attempting to incorporate under a special law which specifically provides that its provisions shall be supplemented by the general laws for incorporation. Article 9.04 does not apply to relators, and their only remedy is an original mandamus proceeding in this Court. See Article 1735, Vernon's Ann. Texas Civ. Stat.

■ Finally, respondent says that the controversy is now moot because the express repeal of Article 1303b became effective August 26, 1961. He points out that under the provisions of former Article 1313, Vernon's Ann. Texas Civ. Stat., the existence of a corporation dated from the filing of the charter in the office of the Secretary of State. It is his contention that the charter cannot now be filed because any right relators may have

had expired by operation of law on August 26, 1961. We do not agree.

When the Legislature repealed Article 1303b and the other general statutes under which relators were acting, it provided that any right accrued or established under the prior law would not be impaired or affected by such repeal. Acts 1961, 57th Leg., p. 458, ch. 229, Sec. 2. General incorporation statutes have been said to be standing offers to the public which are accepted when a charter in compliance therewith is received by the Secretary of State. The existence of the corporation was made to date from the filing of the charter because the acceptance of the offer by the incorporators is ordinarily signified in that manner. See Hildebrand, Texas Corporations, Vol. 1, p. 61, Sec. 23. Where as here a charter which satisfies all legal requirements is presented for filing, the Secretary of State is under a duty to approve it and the incorporators are entitled to have the same filed.

It has long been settled that a party who wins a favorable jury verdict will not be deprived of his legal right to a judgment thereon by the failure or neglect of the trial court to render judgment during the term. The trial judge has authority to render judgment nunc pro tunc at a subsequent term, and a writ of mandamus will issue in a proper case requiring him to do so. Williams v. Wyrick, 151 Texas 40, 245 S.W. 2d 961; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Texas 537, 285 S.W. 296. Although respondent acted in good faith and on the advice of the Attorney General, his refusal to file the charter was wrongful in legal contemplation. We think relators should not be deprived of their rights by the failure of a public official to perform a ministerial duty involving no exercise of judgment or discretion where the delay in enforcing such rights has resulted solely from the processes of the law. Relators were diligent in seeking relief before the repeal of Article 1303b became effective, and it is our opinion that the charter should be filed by respondent as of August 8, 1961. In the event he does not do so, a writ of mandamus will issue.

ASSOCIATE JUSTICE STEAKLEY not sitting.

Opinion delivered April 4, 1962.

GRIFFIN, JUSTICE, dissenting.

I respectfully dissent. The Court does not have jurisdiction to issue this writ of mandamus.

Respondent filed a motion to dismiss the application of Relators for a mandamus on the ground that when he refused to file the articles of incorporation Relators should have pursued their remedy at law by appealing to a district court of Travis County, Texas, as provided by Art. 9.04 of the Act. We carried the motion to dismiss along with the cause for argument at the time of submission.

I would hold that Relators were bound to appeal from Respondent's adverse ruling as is provided by Art. 9.04 of the Act and, therefore, deny Relator's application for writ of mandamus.

Relators say that since they seek to incorporate a trust company under Art. 1303b, they are specifically excluded from any of the provisions of the Act. They rely on Art. 2.01B that "no corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act * * * (4) if any one or more of its purposes is to operate any of the following: * * * (b) trust companies * * *."

Art. 9.14A of the Act provides in part: "This Act does not apply to domestic corporations organized for the purpose of operating banks, trust companies * * * [here are enumerated the excepted types of corporations] *provided, however,* that if any of said excepted domestic corporations were heretofore or are hereafter organized *under special statutes which contain no provisions in regard to some of the matters provided for in this Act,* * * * *then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such special statutes.*" (Emphasis added.)

Art. 9.04A of the Act provides that "if the Secretary of State shall fail to approve any articles of incorporation, * * * he shall, within ten days after the delivery thereof to him, give written notice of his disapproval to the person * * * delivering the same, specifying in such notice the reasons therefor. From such disapproval such person * * * may appeal to any district court of Travis County by filing with the clerk of such court a petition setting forth a copy of the articles or other document sought to be filed and a copy of the written disapproval thereof by the Secretary of State, * * *."

Relators contend that the above provisions prohibit the creation of a trust company; that Relators seek to incorporate under the only statute available to them which is Art. 1303b, a part of the general corporation law and that the Act recognizes the

right to so incorporate. Relators further say that the Act provides that it shall apply to corporations incorporated under the general corporation laws only to the extent that such Act is not inconsistent with the special statutes under which Relators seek to incorporate; that the incorporation of a trust company is inconsistent with the Act, and therefore Relators cannot avail themselves of the right of appeal given by Art. 9.04A of the Act. I do not so construe the Act.

While Art. 2.01B prohibits trust companies from being organized under the Act, or from adopting the provisions of the Act, and while Art. 9.14A recognizes that the Act does not apply to trust companies, it also contains a proviso which makes the provisions of the Act applicable to such excepted corporations which are organized under special statutes which contain no provision in regard to some of the matters provided for in the Act, to the extent that the provisions of the Act are not inconsistent with such special statutes. The words used in the proviso clause "provided however" qualify or modify the exception of trust companies. The phrase "provided however" means the same as "but nevertheless", or "but notwithstanding what is above expressed", or "but anything herein before contained to the contrary notwithstanding". McDandless v. Carter, 18 Hawaii 221 (1907).

The phrase "provided however" introducing a paragraph indicates that the paragraph qualifies or modifies the entire article in which the paragraph is contained; the word "provided" expressing a limitation or exception, and the word "however" adding confirmation to such intention. Hartung v. Witte, 59 Wis. 285, 18 N.W. 175; Millard v. McFadden, 57 N.Y.S. 2d 594, 596, 185 Misc. 771.

The language used by the Legislature in Art. 9.14A of the Act expressly purports to bring all corporations under the provisions of the Act, except where such corporations are organized under special statutes with contrary or inconsistent provisions. It is the duty of the court construing a statute to give effect to every part and all the language of the statute wherever this can reasonably be done. 39 Texas Jur. 208, Sec. 112 and authorities cited therein. "Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized, if possible, so as to give effect to the entire act according to the evident intention of the Legislature, * * *" citing 39 Texas Jur. 209-210, Sec. 113.

An examination of Art. 1303b, Title 32, V.A.C.S., of the general incorporation act shows there are no provisions therein governing the action of the proposed incorporators in the event the Secretary of State shall refuse to file the articles of incorporation. Therefore it would be entirely consistent with Art. 1303b to hold that in the event the Secretary of State shall refuse to file the articles of incorporation, an appeal must be taken under the provisions of Art. 9.04A of the Act. Relators contend that the comments of the Bar Association Committee, as found following Art. 9.04 in the Act as set out in Vernon's Annotated Texas Statutes, "succinctly, unequivocally and positively" state that Art. 1735, V.A.C.S., still governs their remedy against the Respondent; that Art. 1735, V.A.C.S., is still applicable to all corporations *not subject* (Relators' emphasis) to the Act under the *provisions of Art. 9.14A.* (Emphasis added.) Upon careful analysis of the provisions of Art. 9.14A I am of the view that trust companies are governed by the provisions of the Act relating to appeal from the adverse decisions of Respondent.

Relators having failed to exercise their right of appeal, I would deny this mandamus.

Opinion delivered April 4, 1962.