

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 20, 1962

Honorable P. Frank Lake
Secretary of State
Capitol Station
Austin 11, Texas

Opinion Request No. WW-1508

Re: Whether Secretary of
State should issue a
certificate of author-
ity to a foreign corpo-
ration which has 1303b
trust powers and related

Dear Sir:

question.

     In your recent letter you requested the opinion of this office as to whether your office should issue another certificate of authority to a foreign corporation which presently has such a certificate with Article 1303b trust powers, unless and until the requirements of Article 1513a are met. You ask a similar question with reference to domestic corporations, i. e.: whether your office should accept and file articles of amendment of a domestic corporation with 1303b trust powers when such amendment would extend the existence of the corporation, unless and until the require-ments of 1513a are met.

     It is our conclusion that your office should issue the certificate of authority and accept and file the articles of amendment in both instances without regard to the requirements of Article 1513a.

     Gordon v. Lake, ____ Tex. ____, 356 S. W. 2d 138 (1962) and Strickland v. Lake, ____ Tex. ____, 357 S. W. 2d 383 (1962), overruling WW-77, finally settled the issue that the adoption of the Texas Business Corporation Act did not repeal Article 1303b by implication.

     Article 1303b was specifically repealed by the Legislature effective August 25, 1961. Acts 1961, 57th Legislature, p. 458, ch. 229. The question then arises as to the proper course of action when existing 1303b corporations apply for an extension of their existence. That question is answered by the proviso in the Repeal Act, supra, which reads as follows:

"  'The repeal of a prior Act by this Act
shall not impair or otherwise affect:

"  '(1) The organization or the continued
existence of a domestic corporation
existing at the time of such repeal or
any foreign corporation qualified to do
business in this State at the time of
such repeal to continue so to do without
again qualifying to do business in this
State; provided, however, that any
corporation heretofore operating by
virtue of Section 49 of Article 1302 or
1303b, Vernon's Civil Statutes of Texas,
or both, must meet the qualifications of
the Texas Business Corporation Act. "

Gordon v. Lake, supra, does not hold that the Texas Business
Corporation Act is entirely inapplicable to existing 1303b corporations,
but rather declares that 1303b corporations may not be organized under
or adopt its terms. The language in the repealing statute provides that
the existence of 1303b corporations may be continued by meeting the
"qualifications" of the Texas Business Corporation Act. The "qualifi-
cations" of the Texas Business Corporation Act apparently mean those
articles which have to do with the renewal of the certificate of authority
by foreign corporations and the filing of amendments by domestic corpo-
rations. The repealing statute, being a subsequent expression by the
Legislature, in speaking of Article 1303b corporations meeting the
qualifications of the Texas Business Corporation Act, controls over any
exclusionary language in the Texas Business Corporation Act. Compli-
ance with Article 1513a is not made a condition precedent to the continued
existence of 1303b corporations by the repealing statute.

## SUMMARY

1303b corporations may obtain certifi-
cates of authority or amendments to extend
their existence without compliance with Article
1513a.

Very truly yours,

WILL WILSON
Attorney General

By _____

Bob E. Shannon
Assistant Attorney General

BES:jf

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Robert Rowland
Howard Mays
Mitchell Stevens
Frank Booth
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore