THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


September 14, 1971

Honorable Robert S. Calvert         Opinion No. M- 951
Comptroller of Public Accounts
State of Texas                      Re:  Effect of H.B.502,
Austin, Texas                            62nd Leg.,R.S.,1971,
                                         on subsection (d) of
                                         Art. 12.03 V.C.S., as
                                         enacted by H.B.637,
                                         at the same legislative
Dear Mr. Calvert:                        session.

        We have received your request for an official opinion as follows:

>        "Your official opinion is respectfully requested on the matters discussed hereinbelow.
>
>        "Prior to May 26, 1971, subsection (d) of Article 12.03, Chapter 12, Title 122A, Revised Civil Statutes of Texas, 1925, contained an exemption for a:
>
>>        "(d) non-profit corporation organized for the purpose of providing homes for elderly people sixty-two (62) years of age and older which has no capital stock, where the management of its affairs is vested in a board of trustees who are selected by a church which is a strictly religious society, and where the Articles of Incorporation provide that in the event of a dissolution of the corporation all of its assets and property will go to and vest in said church.
>
>        "Effective May 26, 1971, House Bill No. 637, 62nd Legislature, amended subsection (d) of Article 12.03 to read as follows:
>
>>        "(d) corporation organized for the purpose of providing homes for elderly people sixty-two (62) years of age and older not for profit without regard to whether such corporations are for purely public charity.

-4654-

"House Bill No. 502, 62nd Legislature, also amended Article 12.03 by adding subsection (e) thereto, an additional exemption based on cooperative housing, effective June 15, 1971.  In re-enacting Article 12.03 at length in accordance with Article III, Section 36 of the Texas Constitution, the Legislature in House Bill No. 502 repeated subsection (d) of Article 12.03 as it was constituted prior to May 26, 1971 and omitted the amended version enacted by House Bill No. 637.  Opinion is therefore requested whether House Bill No. 502 had the effect of repealing subsection (d) of Article 12.03 as enacted in House Bill No. 637."

House Bill No. 637, restated the whole of the then existing Article 12.03 with the exception of subsection (d) thereof, which subsection was changed to read as set out in your opinion request. Section 1 of this Bill provided that Article 12.03 was amended to read as quoted by you, supra.  Acts 62nd Leg.,Reg.Session, 1971, ch. 414, p.1553.

House Bill No. 502 was subsequently enacted at the same legislative session and restated the whole of Article 12.03, with the exception of subsection (d) as it stood amended by House Bill 637, and reformed the wording of subsection (d) to make it appear as it did previous to its amendment by House Bill 637, and in addition added a new subsection (e) to Article 12.03; said Bill also provided that this Article as amended, was amended to read as therein set out.  Acts 62nd Leg.,Reg.Session, 1971, ch.967, p.2917.

It is obvious that subsection (d) as enacted by House Bill 637 is in irreconcilable conflict with the provisions of subsection (d) as later enacted by House Bill 502.

A repeal may be effected by amendment and substitution.  An amendatory act that recasts the language of an existing statute operates to repeal any omitted provisions of the original.  53 Tex. Jur. 2d. 136, 157, Statutes, Sections 90, 107.  Also, where a later enactment is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject.  Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 138 (1961).

It may be noted here, that although the title of House Bill 502 asserts that it is relating to property used as cooperative housing, it also specifically refers to Article 12.03 as the subject of the amendment.  With amendatory bills, it is settled that

reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act.  Smith v. Davis, 426 S.W.2d 827 (Tex.Sup.1968).

Our opinion is that your question should be answered in the affirmative.

## SUMMARY

House Bill 502, enacted by the 62nd Legislature, Regular Session, 1971, as an amendment to Article 12.03, Title 122A, V.C S., repealed House Bill 637, previously enacted at the same Legislative session. House Bill 502 is, as an amendment to Article 12.03, the latest expression of the Legislature and the present law.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by: R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

S. J. Aronson
Mel Conley
Ben Harrison
Harriet Burke

SAM D. MCDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant