

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 11, 1975

The Honorable Dorman H. Winfrey
Director and Librarian, Texas State
   Library, Texas Archives and Library
   Building
P.O. Box 12927, Capitol Station
Austin, Texas 78711

Opinion No. H- 523

Re: Questions regarding use
and disposition of county
records.

Dear Mr. Winfrey:

You have requested our opinion regarding the authority of the State Librarian and the various counties to destroy or transfer records which are no longer in use. Specifically, your questions are:

> 1. What records may counties destroy or otherwise dispose of when they are no longer needed?
>
> 2. Can records be transferred or loaned to private persons or privately supported institutions, including private attorneys?
>
> 3. Does the State Library have the authority to destroy records of counties and other local units of government subsequent to their transfer to the Library under article 5442b?

The Legislature has established means by which the various political subdivisions of the State may dispose of non-current records. Prior to 1971, records in the custody of both county and district clerks, as well as county records in general, were governed by article 6574b, V.T.C.S. Article 1941a, V.T.C.S., enacted in 1971 and made applicable to all records in the custody of a county clerk, county recorder, and clerk of a county court repealed any law in conflict to the extent of the conflict. Disposition

of such records therefore, is now controlled by article 1941a.

Article 1941a authorizes a county clerk to microfilm all records permitted or required to be filed and registered or filed and recorded in his office. Section 6(b) requires that the clerk, after microfilming a record, return it to the party who filed it, except for records relating to court matters and proceedings. After the microfilm of a particular court record has been satisfactorily used by the public for a minimum of five years, the clerk may issue a certificate to that effect to the commissioners court, and the court may then authorize disposal of the original. Section 6(c), (d).

Article 1899a was also enacted in 1971 to govern disposition of certain records in the custody of a district clerk. The statute authorizes the district clerk to microfilm "all records, acts, proceedings held, minutes of the court, and all registers, records and instruments" for which the district clerk is responsible by law. After one year from the time at which a judgment has become final and the time for seeking appellate relief has expired, or a mandate which is finally decisive has been issued, the district clerk, after certification to the State Librarian, may destroy the original records pertaining to a particular legal proceeding. Sec. 4. However, article 1899a does not provide for the destruction of any records other than those pertaining to a hearing, proceeding or trial.

Disposition of records of the district clerk other than those addressed in section 4 of article 1899a is still controlled by article 6574b, since article 1899a does not contain an express repealer. Implied repeals are not favored, and if statutes may be harmonized and effect given to both, there is no repeal by implication. Gordon v. Lake, 356 S. W. 2d 138 (Tex. Sup. 1962); Conley v. Daughters of Republic, 156 S. W. 197 (Tex. Sup. 1913). Since article 1899a does not purport to deal with the entire subject of the disposition of records, it may be harmonized with article 6574b. Section 1 of article 1899a requires the microfilming plan to provide for the "maintenance, retention, security, and retrieval of all records so microfilmed or otherwise duplicated." Section 2(1) requires all original instruments, records and minutes to be released into the file system, and section 2(5) requires provision for "permanent retention of the records and . . . security . . . to guard against physical

loss, alteration, and deterioration." However, it is our opinion that these sections do not prohibit the destruction of records, but instead establish requirements for a prospective microfilming plan.  To require a plan for the permanent retention of original records is not to require all records to be so retained.  Accordingly, once the procedures required by article 1899a are satisfied, the original records may be disposed of pursuant to article 6574b.

Article 6574b thus provides for the disposition of all district clerk records whose disposal is not governed by article 1899a, as well as all other county records not addressed in a specific statute.  Article 6574b authorizes a commissioners court to make photographic duplicates of "all public records."  Sec. 1.  After duplicates are "made, certified and placed," the commissioners court may order destruction of the originals, provided that the records are at least five years old and provided further that notice of the proposed destruction has been given to the State Librarian. Sections 4 and 5 of article 6574b specifically preclude the "destruction or disposition of any deed record, deed of trust record, mechanic's lien record or any minute book of any Court or any minute book of any political subdivision of Texas."  Those records which have been microfilmed but the destruction of which is not permitted by article 6574b may be stored in "any place located in the County seat, under such terms and conditions deemed sufficient for their safeguard as may be set by the clerk and the Commissioners Court."  Attorney General Opinion WW-1399 (1962).

A few statutes provide for the destruction of records without requiring any duplication thereof.  Article 1651, V. T. C. S., authorizes a county auditor to destroy, after ten years from their original date and with the consent of the commissioners court, all records other than bound volumes and ledgers which are in the custody and control of his office. Article 6581a, V. T. C. S., applicable to counties having a population greater than 800,000, directs the destruction of "all applications for beer licenses, office copies of notices issued on such applications, and copies of such beer licenses on file . . . at any time after the expiration of one (1) year from the expiration date of such license."

Your second question concerns the transfer of records to private persons or to privately supported institutions. We have found no authority preventing the transfer to private parties of non-current public records which are subject to destruction. We believe, however, that the more appropriate procedure would be first to offer the records to the State Library pursuant to article 5439, V. T. C. S. If the records are not confidential in nature (Attorney General Opinion H-115 (1973) ), it is our opinion that they may be transferred to a private party or privately supported institution, such as a museum, provided that transfer is effected after the date upon which the statute first makes the records eligible for destruction.

Records which are not subject to destruction may not be transferred to a private party. Collins v. Box, 40 Tex. 191 (Tex. Sup. 1874); Snider v. Methvin, 60 Tex. 487 (Tex. Sup. 1883). There is no authority for "loaning" records to private attorneys, but they may inspect court papers and records. Rule 76, Texas Rules of Civil Procedure. Any official records not in current use may be turned over to the State Librarian. Article 5439, V. T. C. S.

Your final question concerns the authority of the State Library to destroy records transferred into its custody.

Article 5439a, V. T. C. S., authorizes the State Librarian with the consent of the State Auditor to destroy original public records transferred to him after reproduction by any State official. Article 5441b, V. T. C. S., authorizes the State Librarian to:

> . . . transfer, destroy or otherwise dispose
> of any records of the State of Texas consigned
> by law to his custody that are more than ten (10)
> years old and which the State Librarian shall
> determine to be valueless, or of no further use,
> to the State of Texas as official records.

The concurrence of the State Comptroller, the State Auditor and the Attorney General is necessary. We have found no authority defining "state records" as used in article 5441b. In our opinion, any public record properly in the

custody of the State Librarian is a "state record" for purposes of that statute. We therefore construe article 5441b to authorize the State Librarian to destroy county records, provided the terms of article 5441b are satisfied. The better practice would be to notify the county beforehand, although this is not required under 5441b. The State Librarian is precluded from destroying "historical relics, mementos, antiques, or works of art connected with and relating to the history of Texas."

## SUMMARY

County Clerks, County Recorders, and clerks of county courts may dispose of records pursuant to article 1941a. District Clerks may do so pursuant to articles 1899a and 6574b. Other county officers may make such disposition pursuant to article 6574b.

Records which are not confidential in nature and are subject to destruction may be transferred to a private party.

The State Librarian has general authority to dispose of records which are valueless as official records.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg