

# The Attorney General of Texas

January 5, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Ms. Betty J. Anderson, Executive
  Secretary
Texas State Board of Examiners in
  the Basic Sciences
319 Sam Houston Building
Austin, Texas

Opinion No. H- 1110

Re: Whether applicants
for licensing as chiro-
practors must hold basic
sciences certificate.

Dear Ms. Anderson:

You inquire whether the 1977 amendment to section 10
of article 4512b, V.T.C.S. (Acts 1977, 65th Leg., ch. 75 at
151), exempts certain chiropractors from the requirements
of article 4590c, V.T.C.S., the Basic Sciences Law.  Sec-
tion 1 of article 4590c provides as follows:

> No person shall be permitted to
> take an examination for a license
> to practice the healing art or any
> branch thereof, or be granted any
> such license, unless he has presented
> to the Board or officer empowered
> to issue such a license as the appli-
> cant seeks, a certificate of profi-
> ciency in anatomy, physiology,
> chemistry, bacteriology, pathology,
> and hygiene and public health, here-
> inafter referred to as the basic
> sciences, issued by the State Board
> of Examiners in the Basic Sciences.

It is well established that chiropractors practice a healing
art within this provision.  See V.T.C.S. art. 4590c, § 16;
Attorney General Opinions V-1081, V-988 (1950).  See generally
Attorney General Opinion H-913 (1976).  The certificate of
proficiency can be earned by passing an examination given by
the Basic Sciences Board or by completion of college courses
in the basic sciences.  V.T.C.S. art. 4590c, §§ 6, 16-a.

Article 4512b, V.T.C.S., governs the licensing of chiro-
practors by the Texas Board of Chiropractic Examiners.  Sec-
tion 10 of the statute requires applicants for a license to

pass a written examination given by the Board.  Prior to the recent amendment, this section permitted the Board to license applicants on the basis of a standardized national exam:

> The Board may grant a license without
> a written examination to an applicant
> that holds a National Board of Chiropractic
> Examiners certificate who meets the re-
> quirements of this chapter and who has
> satisfactorily passed a personal inter-
> view and a practical examination and
> has paid an additional fee of Fifty
> Dollars ($50).

Acts 1973, 63rd Leg., ch. 94, at 211.  In granting licenses under this provision, the Board required applicants to present the certificate of proficiency in the basic sciences provided for in article 4590c, section 1.

The 1977 Act amends the quoted provision to read in part:

> The Board shall grant a license without
> a written examination to an applicant that
> holds a National Board of Chiropractic
> Examiners certificate. . . .

Acts 1977, 65th Leg., ch. 75, at 152 (emphasis added).  Other amendments provide for Board review of the adequacy of the national exam, and prohibit the Board from requiring examinations in addition to those set out in the statute.  The Board has construed the word "shall" in Senate Bill 446 to give it a mandatory duty to grant licenses to applicants who hold the National Board of Chiropractic Examiners certificate, even though those persons have not demonstrated proficiency in the basic sciences as required by article 4590c, section 1.

Although the word "shall" generally connotes a mandatory duty, Chisholm v. Bewley Mills, 287 S.W.2d 943 (Tex. 1956), we believe the duty imposed by the 1977 Act relates to the Board's acceptance of the national exam results in lieu of its own exam.  Our careful examination of the legislative history reveals no indication that the Legislature intended to exempt chiropractors from the requirements of the Basic Sciences Law.  The testimony in the House and Senate Committees did not refer to the Basic Sciences Certificate at all.  Instead, legislators and witnesses emphasized that the Act was a house-keeping measure and that it would facilitate the licensing of applicants who attended chiropractic colleges outside of Texas.  If such a

change as is now suggested were intended by the Legislature, we believe a clear expression of such intention would have and should have emerged from a review of the legislative history.

Repeals by implication are not favored. Gordon v. Lake, 356 S.W.2d 138 (Tex. 1962). A finding that the 1977 Act affects only the Board's examination requirements harmonizes the bill with the Basic Sciences Law and accords with the explanations of the bill expressed while it was before the Legislature. The Board itself interpreted prior law, which authorized it to grant licenses on the basis of the national exam, to affect only its own examination requirement. We feel, therefore, that absent clear legislative action to the contrary, we should conclude that the recent amendment only removes the Board's discretion to withhold a license from someone who has passed the national exam and completed other requirements.

The provision for licensing by reciprocity also provides that the Board

> shall . . . grant license to practice
> chiropractic to licentiates of other
> states or territories having require-
> ments and practices equal to those
> established by the laws of this State.

V.T.C.S. art 4512b, § 9. A prior opinion of this office has determined that applicants may not be licensed by reciprocity unless they also satisfy the requirements of the Texas Basic Sciences Law. Attorney General Opinion V-1081 (1950). Like applicants for licensing under the reciprocity provision, applicants who have passed the national exam must still present certificates of proficiency in the Basic Sciences in order to be licensed by the Board of Chiropractic Examiners.

### S U M M A R Y

> Absent a change by the Legislature to the
> contrary, applicants for licensing by the
> Texas Board of Chiropractic Examiners
> must earn a certificate of proficiency in
> the basic sciences in accordance with
> article 4590c, V.T.C.S. A 1977 amendment
> to article 4512b, V.T.C.S., affects only
> the Board's own examination requirement,
> not the basic sciences requirement.

Ms. Betty J. Anderson     - Page 4   (H-1110)

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst