

# THE ATTORNEY GENERAL
## OF TEXAS

November 22, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Jack M. Rains　　　　Opinion No. JM-984
Secretary of State
P. O. Box 12697　　　　　　　Re:　Whether a filing with the
Austin, Texas　78711　　　　　Secretary of State is necessary
　　　　　　　　　　　　　　　to perfect a security interest
　　　　　　　　　　　　　　　in manufactured housing held as
　　　　　　　　　　　　　　　inventory　(RQ-1469)

Dear Mr. Rains:

You ask whether a filing with the Secretary of State's office pursuant to chapter 9 of the Texas Business and Commerce Code (UCC) is necessary to perfect a security interest in manufactured housing held by the financer as inventory.

You direct our attention to a possible conflict in article 5221f, V.T.C.S., (the Texas Manufactured Housing Standards Act) and section 9.302 of the Business and Commerce Code relative to the perfection of security interests in manufactured housing.

Section 19(i) of article 5221f, Acts 1981, 67th Legislature, page 3088, chapter 815, section 4, effective August 31, 1981, provides:

> A lien on the manufactured homes in the inventory is perfected by filing a security agreement with the department [Texas Department of Labor and Standards] in a form that contains the information the department requires.

Section 19(n) of article 5221f states:

> (n) The express provisions of this article supersede any conflicting provisions of the Business & Commerce Code; otherwise, the provisions of the Business & Commerce Code apply to transactions relating to manufactured housing.

Section 9.302(c) of the Business and Commerce Code, as amended by Acts 1983, 68th Legislature, chapter 290, section 8, page 1533, effective August 28, 1983, provides that the filing of a financing statement otherwise required by this chapter is not necessary or effective to perfect a security interest in property subject to

> (2) the following statutes of this state . . . the Texas Manufactured Housing Standards Act, as amended (Article 5221f, Vernon's Texas Civil Statutes); <u>but during any period in which collateral is inventory held for sale by a person who is in the business of selling goods of that kind, the filing provisions of this Chapter (Subchapter D) apply to a security interest in that collateral created by him as debtor; or Subchapter A, Chapter 35, Title 4, Business & Commerce Code, relating to utility security instruments.</u> (Emphasis added.)

Section 9.401 of the Business and Commerce Code requires filing with the county clerk to perfect a security interest where certain specified items constitute the collateral. This section also contains a general provision requiring that the filing "in all other cases" be with the Secretary of State. It is the latter provision that applies to the instant scenario.

Section 18 of article 5221f <u>as amended by Acts 1987, 70th Legislature</u>, chapter 1134, page 3888, effective June 18, 1987, provides:

> (b) A violation of any of the provisions of this article is a deceptive trade practice in addition to those set forth in Section 17.50, Business & Commerce Code. <u>The provisions of all laws, parts of laws, ordinances, rules or regulations which are in conflict with any of the provisions of this article are superseded and preempted to the extent of such conflict.</u> (Emphasis added.)

Where laws deal with the same subject matter they should be harmonized and construed together as though they were parts of the same law. <u>Gordon v. Lake</u>, 356 S.W.2d 138 (Tex. 1962). When statutes are inconsistent and irreconcilable they both cannot stand at the same time. In the event of such conflict, the later expression of legislative intent controls and, to that extent repeals the earlier

statute. <u>State v. Easley</u>, 404 S.W.2d 296 (Tex. 1966); <u>Shultz v. State</u>, 696 S.W.2d 126 (Tex. App. - Dallas 1985, writ ref'd n.r.e.).

Section 18 of article 5221f as amended by the 70th Legislature is the latest enactment germane to your question. Since it provides that any laws "which are in conflict with any provisions of this article [article 5221f] are superseded and preempted to the extent of such conflict," it follows that the provisions of article 5221 control. Thus, a lien on manufactured homes in the inventory is perfected by filing the security agreement with the Texas Department of Labor and Standards.

### S U M M A R Y

A filing with the Secretary of State is not necessary to perfect a security interest in manufactured housing held by the financer as inventory.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General