

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 13, 2006

Colonel Thomas A. Davis, Jr.
Director
Texas Department of Public Safety
5805 North Lamar Blvd.
Post Office Box 4087
Austin, Texas 78773-0001

Opinion No. GA-0454

Re: Whether a sex offender with a reportable conviction based on an out-of-state offense prior to September 1, 1995, must register as a sex offender if he resides in Texas even though he was not under the supervision and control of a Texas-based penal institution, probation department, or parole office for the offense (RQ-0453-GA)

Dear Colonel Davis:

You seek an opinion about Code of Criminal Procedure chapter 62, which requires sex offenders who have a "reportable conviction or adjudication" to register with the local law enforcement entity in the municipality or county where that person resides or intends to reside.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.051 (Vernon Supp. 2006). A "reportable conviction or adjudication" includes those arising from not only a violation of specified Texas laws, but also "a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements" of the Texas offenses subject to reporting under chapter 62. *See id.* art. 62.001(5)(H), (J).[2] Chapter 62 requires the Department of Public Safety (the "department") to maintain a computerized central database of all the information that a person who is required to be registered provides to a local law enforcement agency. *See id.* art. 62.005.

Your question is as follows:

> Does a sex offender with a reportable conviction based on an out-of-state conviction occurring before September 1, 1995, who was

---

[1]Letter from Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable Greg Abbott, Attorney General of Texas (Feb. 15, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]This provision was designated as article 62.001(5)(H) by the Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3386, 3387, which reenacted and amended chapter 62. It was designated article 62.001(5)(J) by the Act of May 25, 2005, 79th Leg., R.S., ch. 1273, § 2, 2005 Tex. Gen. Laws 4049, 4051, which created a new reportable offense of online solicitation of a minor.

still under supervision in the other state on or after September 1, 1997, have a duty to register as a sex offender in Texas if the offender resides in Texas but was at no point under the supervision and control of a Texas-based penal institution, probation department, or parole office for the out-of-state conviction?

Request Letter, *supra* note 1, at 1.

Your question relates to certain amendments to chapter 62 and its predecessor. The sex offender registration law was adopted in 1991 as former article 6252-13c.1, Revised Civil Statutes. *See* Act of May 26, 1991, 72d Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029. The legislature amended article 6252-13c.1 in 1995 to require sex offenders to register based on out-of-state convictions. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 258, § 1, 1995 Tex. Gen. Laws 2197. The amendment applied prospectively only, stating that article 6252-13c.1 would apply only to a reportable conviction or adjudication for specific offenses, including an out-of-state offense that occurred on or after September 1, 1995, the effective date of the bill. *See id.* § 8 at 2202. This provision was codified as former article 6252-13c.1, section 8(a), Revised Civil Statutes.

In 1997, the legislature redesignated article 6252-13c.1 as Code of Criminal Procedure chapter 62, effective September 1, 1997. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 10, 1997 Tex. Gen. Laws 2253, 2264. The enactment recodified former section 8(a) as article 62.11 and amended it to apply to earlier violations, stating that "[t]his chapter applies only to a reportable conviction or adjudication occurring on or after September 1, 1970." *Id.* § 1, at 2260. It also included the following savings clause:

> (a) The change in law made by this Act to Article 62.11, Code of Criminal Procedure [providing chapter 62 applies only to a reportable conviction on or after September 1, 1970] . . . applies only to a defendant who, with respect to an offense listed in Subdivision (5), Article 62.01, Code of Criminal Procedure, as redesignated and amended by this Act . . . , on or after the effective date of this Act:
>
> > (1) is confined in a penal institution, as that term is defined by Subdivision (3), Article 62.01, Code of Criminal Procedure, as redesignated and amended by this Act (formerly Subdivision (3), Section 1, Article 6252-13c.1, Revised Statutes); or
> >
> > (2) is under the supervision and control of a juvenile probation office or an agency or entity operating under contract with a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of the Texas Department of Criminal Justice.
>
> (b) A defendant who, on the effective date of this Act, is not described by Subdivision (1) or (2) of Subsection (a) of this section

> is covered by the law in effect under Subsection (a), Section 8, Article 6252-13c.1, Revised Statutes, before that section was redesignated and amended by this Act, and the former law is continued in effect for that purpose.

*Id.* § 11, at 2264. This provision was not codified.

Subsection (b) applies to offenders not confined in a penal institution or under the supervision and control of a probation or parole agency on or after September 1, 1997,[3] preserving for such persons the 1995 provision that required registration only for conviction or adjudication of certain offenses, including out-of-state offenses, that occurred on or after September 1, 1995. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 258, § 1, 1995 Tex. Gen. Laws 2197.

You wish to know whether the provision mandating prospective operation of the 1995 amendments and the savings clause in the 1997 amendment are still in effect. *See* Request Letter, *supra* note 1, at 3–4. The 1995 provision was repealed in 2005 and no longer applies to reporting duties under chapter 62. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3412.

You point out that the 1997 savings clause provides in section (a)(1) that the change in the law applies only to persons confined on or after September 1, 1997, in a Texas penal institution. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253 (definition of "penal institution" in 1997); TEX. CODE CRIM. PROC. ANN. art. 62.001(3) (Vernon Supp. 2006) (current definition of "penal institution"). Section (a)(2) of the clause expressly applies to a defendant under supervision of the pardons and paroles division of the Texas Department of Criminal Justice, as well as defendants under probation or community supervision. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex. Gen. Laws 2253, 2264. You state that local law enforcement authorities submit registrations to the department for sex offenders with a reportable conviction in another state who were under state supervision for the offense on or after September 1, 1997. *See* Request Letter, *supra* note 1, at 3. However, "their entire incarceration, probation, and/or parole was served under the supervision and control of an entity in the convicting state," not in Texas. *Id.* Thus you suggest that the 1997 amendment to chapter 62 making registration retroactive to September 1, 1970, may not apply to an offender convicted of a sex offense in another state who is never under the supervision and control of a Texas penal institution, parole department, or probation office for the offense. *See id.* at 3–4.

In our opinion, the legislature's adoption of House Bill 867 in 2005 repealed the 1997 savings clause. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3387. House Bill 867 "reenacted and amended" chapter 62, reorganizing it to make it more easily understood by persons required to administer it. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. C.S.H.B. 867, 79th Leg., R.S. (2005). The bill included the following transition clause:

---

[3]*See* Request Letter, *supra* note 1, at 3.

> (a)  Except as provided by Subsection (b) of this section, the changes in law made by this Act in amending Chapter 62, Code of Criminal Procedure, apply to a person subject to Chapter 62, Code of Criminal Procedure, for an offense or conduct committed or engaged in before, on, or after the effective date of this Act.
>
> (b)  To the extent that the changes in law made by this Act to Chapter 62, Code of Criminal Procedure, change the elements of or punishment for conduct constituting a violation of Chapter 62,[4] those changes apply only to conduct engaged in, on, or after the effective date of this Act.  Conduct engaged in before the effective date of this Act is governed by the law in effect at the time the conduct was engaged in, and that law is continued in effect for that purpose.

Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 4.01, 2005 Tex. Gen. Laws 3385, 3422.  Thus, House Bill 867 provides that changes in chapter 62 would be retroactive, with certain exceptions. While the legislature may have hesitated in 1995 and 1997 to apply a sex offender registration provision retroactively, the courts have determined since then that the retroactive application of such provisions does not violate the ex post facto clause. *See Smith v. Doe*, 538 U.S. 84, 93 (2003) (holding Alaska's retroactive sex offender registration statute not violative of the ex post facto clause); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (holding Texas' retroactive amendments to sex offender registration statute not violative of the ex post facto clause).

House Bill 867 amended and reenacted the provisions defining a reportable conviction to include a conviction based on a violation of the laws of another state. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(H), (J) (Vernon Supp. 2006); *see also id.* art. 62.001(I), (L)[5] (second conviction "under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice").  It is clear that the legislature intended chapter 62 to apply to sex offenders convicted of certain offenses in another state if they reside in Texas. The 1997 savings clause is thus inconsistent with chapter 62.  Morever, the 1997 savings clause has not been adopted or carried forward by House Bill 867 or earlier amendments to chapter 62.

"A statute may be repealed expressly or by implication." *Gordon v. Lake*, 356 S.W.2d 138, 139 (Tex. 1962).  Because repeals by implication are not favored, laws relating to the same subject will be harmonized if possible and considered as though incorporated in the same act. *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964).  However, a new statute that cannot be reconciled with an old statute impliedly repeals the old statute. *See Gordon*, 356 S.W.2d at 139.  Government Code chapter 331 provides the following rule for irreconcilable statutes and amendments:

---

[4]*See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 62.102 (Vernon Supp. 2006) (criminal penalty for failure to register).

[5]*See supra* note 2.

> Except as provided by Section 311.031(d),[6] if statutes enacted at the
> same or different sessions of the legislature are irreconcilable, the
> statute latest in date of enactment prevails.

TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 2005). *See Conley v. Daughters of the Republic,* 157 S.W. 937 (Tex. 1913). The 1997 savings clause and House Bill 867 cannot be reconciled. Accordingly, House Bill 867 as the more recent enactment prevails.

We also note that House Bill 867 was adopted after a select interim committee met to consider and recommend changes in chapter 62. *See* HOUSE SELECT INTERIM COMM. ON SEX OFFENDER STATUTES, TEXAS HOUSE OF REPRESENTATIVES, INTERIM REPORT (2004). As a result of numerous amendments to chapter 62 over the years, there was "a very real concern that the registration program has proved to be cumbersome and difficult to manage." *Id.* at 1. "For this reason, the Speaker created this select interim committee to examine Chapter 62 to determine what changes, if any, are needed to streamline and clarify the provisions." *Id.* House Bill 867 was adopted to deal with the problems addressed by the interim committee. *See* HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. C.S.H.B. 867, 79th Leg., R.S. (2005) (committee report). It dealt with chapter 62 in its entirety, expressly repealing and reenacting many provisions of the chapter. As a law designed to deal with chapter 62 comprehensively, it impliedly repealed the uncodified 1997 savings clause. *See Motor Inv. Co. v. City of Hamlin,* 179 S.W.2d 278, 281 (Tex. 1944) (a comprehensive enactment that is intended to include all the law on the subject with which it deals evidences a legislative intent to repeal former statutory law); Tex. Att'y Gen. Op. Nos. JM-474 (1986) at 4, H-1107 (1977) at 3. Pursuant to the 2005 bill reenacting and amending chapter 62, this chapter "applies only to a reportable conviction or adjudication occurring on or after September 1, 1970." *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3388 (codified at TEX. CODE CRIM. PROC. ANN. art. 62.002).

The 1997 savings clause limiting the application of the 1997 amendments to persons confined in a Texas penal institution on or after September 1, 1997, has been impliedly repealed by House Bill 867. Thus, a sex offender's duty to register now relates to convictions occurring on or after September 1, 1970, and the duty to report is controlled by chapter 62 without reference to the conditions stated in the 1997 savings clause. In answer to your specific question, a sex offender with a reportable conviction based on an out-of-state offense occurring before September 1, 1995, must register as a sex offender in Texas if the offender resides in Texas, even though the offender has not been under the supervision and control of a Texas-based penal institution, probation department, or parole office for the out-of-state conviction.

---

[6]Government Code section 311.031(d) provides that "[i]f any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls." TEX. GOV'T CODE ANN. § 311.031(d) (Vernon 2005).

## S U M M A R Y

Code of Criminal Procedure chapter 62 requires a sex offender who has a reportable out-of-state conviction occurring on or after September 1, 1970 to register as a sex offender in the Texas city or county where he resides or intends to reside, even though the offender has not been under the supervision and control of a Texas-based penal institution, probation department, or parole office for the out-of-state conviction. The savings clauses of amendments to chapter 62 and its predecessor adopted in 1995 and 1997 do not govern the duty to register based on a reportable out-of-state conviction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee