CONLEY et al. v. DAUGHTERS OF THE REPUBLIC.

(Supreme Court of Texas. June 4, 1913.)

1. STATUTES (§ 159*)—CONSTRUCTION.

The Supreme Court must construe two statutes so that both may stand, if they are fairly susceptible of such a construction.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. § 159.*]

2. EVIDENCE (§§ 69, 83*)—PRESUMPTIONS.

The Supreme Court will presume that the Governor will seek the public good in discharging his official duties, and that a patriotic society, such as the Daughters of the Republic, will perform their legal duties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 90, 105; Dec. Dig. §§ 69, 83.*]

3. STATUTES (§ 159*)—REPEAL—IMPLICATION.

In so far as two statutes irreconcilably conflict, the latest enactment must prevail.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 229; Dec. Dig. § 159.*]

On motion for rehearing. Motion overruled.

For former opinion, see 156 S. W. 197.

BROWN, C. J. We do not deem it necessary to discuss at length the objection of the plaintiffs in error's counsel to the jurisdiction of the district court. It is sufficient to say that the facts do not bring the case within the terms of this article of the Revised Statutes of 1911: "Art. 5732 (4861). No court of this state [except the Supreme Court, as provided by article 1526] shall have power, authority or jurisdiction to issue the writ of mandamus or injunction or any other mandamus or compulsory writ of process against any of the officers of the executive departments of the government of this state to order or compel the performance of any act or duty which, by the laws of this state, they, or either of them, are authorized to perform, whether such act or duty be judicial, ministerial or discretionary." No mandatory or compulsory writ is sought. Nor is it the purpose of the proceeding to compel the performance of any duty enjoined by law.

[1, 2] We can add nothing to the reasons given for holding in our opinion that the two acts involved are not in conflict. It is the duty of this court to so construe the laws that both can stand, if fairly susceptible of such construction. This court will presume that the Governor of Texas will seek the public good in discharging his official duties, and that the Daughters of the Republic will be equally patriotic, so that by co-operation the rights of each party may be preserved. If under the two statutes this may be done, there can be no destructive conflict between the two enactments.

[3] The defendant in error is confronted with this indisputable condition. By necessary implication the act of 1911 conferred authority upon the Governor to do what he might find necessary in making the authoriz-ed improvements, and, it being the last expression of the legislative will, that act must prevail over the former law to the extent that the conflict is irreconcilable. The result would not be to limit the authority of the Governor, but to that extent it would abridge the rights of the Daughters.

The motion is overruled.