

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 9, 1949

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion V-878

Re: Present ownership and
custody of 6.46 acres
of land, Travis County,
Texas.

Dear Sir:

The question raised by you is stated in your letter as follows:

"We respectfully request your opinion as to the present status of a six and forty-six one hundredths (6.46) acre tract of land deeded to the State of Texas by one Joseph A. Nagle on December 11th, 1883.

"During the course of our current audit of the accounts of the Game, Fish and Oyster Commission, we learned of a deed recorded in the County Clerk's office of Travis County, Texas, Vol. 58, page 276, conveying the above mentioned tract of land for the consideration of Nine Hundred and Sixty-nine ($969.00) dollars.

"In our attempt to ascertain the rightful custodian of this land, we read the appropriation bill for the year ended February 29th, 1884 (as passed by the 18th Legislature, Regular Session) and found for the department of Fish Commissioner an appropriation for One Thousand ($1,000.00) Dollars which read 'Construction of additional Fish Ponds and purchase of land, to be approved by the Governor.' Assuming that the land was bought for the use of the Fish Commissioner, we read his report for the years 1883 and 1884, and found mention of the purchase of the land in question, to be used by the Fish Commissioner as 'Carp Ponds.'

"The office of the Fish Commissioner
was abolished by the 19th Legislature and
its property transferred to the Superin-
tendent of Public Buildings and Grounds.
(Gamel's, Vol. 9, page 654). We found in
the report of the Superintendent of Pub-
lic Buildings and Grounds for the years
1885 and 1886 that he had taken charge of
the 6.46 acre tract in question and had
offered it for sale or lease as authorized
by the 19th Legislature, but apparently
it was not sold - in the 1888 report from
the same officer we again found the land
mentioned as property of the State of
Texas. Since that report, however, we
have been unable to find any further men-
tion of it.

"Does the State still own this land
and, if so, in whose custody does it belong?"

We have read the above referred to deed as the
same appears of record in Volume 58, page 276 of the Deed
Records of Travis County and find that it is the ordinary
form of general warranty deed, containing no words of lim-
itation, condition or reservation which might cause a re-
version of the title. The deed does, however, contain a
statement that the 6.46 acre tract is to include the
"State Fish Ponds," thus indicating the existence of State
ponds on the tract prior to the date of the conveyance.

We are advised by a local abstracter that there
is no evidence in the records of Travis County that the
State has ever conveyed or otherwise disposed of the tract
in question. Although we have not been furnished with ab-
stracts and therefore have not examined the title and do
not pass on its validity into Nagle, nevertheless, it
would appear from the investigation made by us and by your
office that whatever title was conveyed by Nagle to the
State has not been conveyed or otherwise disposed of by
the State of Texas.

The State's title is not affected by the lapse
of time, laches, adverse possession or the dereliction
or failure to act of its officers. Humble Oil & Refining
Company v. State, 162 S.W.2d 119, 134 (Tex. Civ. App. 1942,
error ref.).

Based upon the foregoing, it would appear that whatever title the State got to the 6.46 acre tract is still vested in the State of Texas.

Subject to constitutional limitations, the power of the State with respect to its lands and the property rights therein is vested in the Legislature and the Legislature alone can exercise the power necessary to the enjoyment and protection of such rights by enactment of statutes for that purpose. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W.2d 197, 157 S.W. 937 (1913). Although apparently purchased in 1883 for an already existing fish pond or hatchery, the land in question has at all times since and is now subject to such use and disposition as the Legislature may determine.

In abolishing the office of Fish Commissioner, the 19th Legislature, R.S.1885, ch. 36, provided:

"Be it enacted by the Legislature of the State of Texas: That the office of Fish Commissioner shall be and the same is hereby abolished; and the fish ponds now belonging to the State of Texas, together with all other property connected with said department, shall be taken charge of by the Superintendent of Public Buildings and Grounds, and shall be sold or leased by direction of the Governor at his discretion, at such time and in such manner as may be considered most advantageous to the State, and the proceeds arising from said sale to be paid into the Treasury as a part of the general revenue."

It is our opinion that this Act conferred upon the Superintendent of Public Buildings and Grounds not only the duty of selling or leasing the property but, in addition, the general custody of all fish ponds and other properties belonging to the State at that time under the supervision of the Fish Commissioner. The tract in question clearly was included within the properties, the custody of which was transferred by said Act.

The office of Superintendent of Public Buildings and Grounds was created in 1874 (Acts 14th Leg., Ch. 98, p.165) and continued to exist until January 1, 1920, when it was abolished and the authority of the Super-

intendent conferred upon him by the provisions of Chapter 1, Title 113, R.C.S. of 1911, was transferred to the State Board of Control, which came into existence on that day. (Acts 1919, 36th Leg. R.S., Ch.167, Sec. 7, p.323; Acts 1919, 36th Leg.1st C.S., Ch. 4, p. 7).

We conclude therefore that the title to the land in question is in the State of Texas, that custody, in the sense of ultimate control and disposition, is in the Legislature, and that custody, in the sense of protective supervision and control and present management, is in the Board of Control.

## SUMMARY

The title to certain land in Travis County, acquired by the State for the office of Fish Commissioner in 1883, which office was abolished and the properties thereof transferred to the charge of the Office of State Superintendent of Public Buildings and Grounds in 1885, absent a conveyance by the State, and none is of record in Travis County, title is still in the State. Custody of the land as regards ultimate control and disposition is in the Legislature. Custody as regards present management and supervision is in the Board of Control, successor to the Office of State Superintendent of Public Buildings and Grounds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

By        Bruce W. Bryant
                    Assistant

By        H. D. Pruett, Jr.
                    Assistant

HDP:bt