Jesus M. **CASTILLO** et al., Appellants,

v.

**The STATE of Texas ex rel. Antonia V. SAENZ and Socorro R. Vera, Appellees.**

No. 14480.

Court of Civil Appeals of Texas.

San Antonio.

May 25, 1966.

Hill, King & McKeithan, Mission, for appellants.

Glenn H. Ramey, F. B. Lloyd, Jr., F. R. Nye, Jr., Rio Grande City, for appellees.

MURRAY, Chief Justice.

This is a quo warranto proceeding instituted by the District Attorney of the 79th Judicial District of Texas and the County Attorney of Starr County, on the relation of Antonia V. Saenz and Socorro R. Vera, against Jesus M. Castillo and Severo Solis,

and Pedro Cortez, for the purpose of ousting Jesus M. Castillo and Pedro Cortez as incumbent commissioners of the newly formed City of La Grulla and placing in their stead as such City Commissioners the above relators, Antonia V. Saenz and Socorro R. Vera. The trial court rendered judgment granting their prayer.

The controversy arose in this way. An election was held on March 20, 1965, in what is now the City of La Grulla, for the purpose of determining whether or not the City of La Grulla was to be incorporated as a general law city with the commission form of government. On March 30, 1965, the County Judge of Starr County entered an order canvassing the incorporation election of March 20, and declaring the incorporation of the City of La Grulla and the election of its first officials, Hector Lozano, Mayor, and Jesus M. Castillo, Jr., and Severo Solis, Commissioners. The new officials held the first city commission meeting on that same day and set the next meeting for April 5, 1965. Severo Solis subsequently resigned and Pedro Cortez was appointed in his place.

Article 1158, Vernon's Ann.Civ.St., provides that the officials elected at an incorporation election shall serve until the first Tuesday in April following such incorporation. This would indicate that an election should be called at that time to elect a mayor and two commissioners. However, when the City of La Grulla came into existence on March 30, 1965, an election could not have been legally called for April 6, 1965, and the general election law complied with. The city commission at the April 5th meeting set the election for June 5, 1965, so as to allow time for public notice, filing for office by candidates, selection of election judges, and for absentee voting, as is required by law. The election order was signed by the Mayor on April 15, 1965. These actions were widely known.

There are two well-recognized political factions or parties in Starr County, namely, the "old" party and the "new" party. The new party members decided that the election should be held on the date named in the statute, to-wit, April 6, 1965. So without any previous notice, order calling the election, or appointment of election judges, filing of candidates, or any absentee voting, the new party met on the morning of April 6, 1965, elected a judge of the election and proceeded to conduct what they called a citizens election. That election was held in the La Grulla Elementary School Building, which was the usual place of holding elections in the City of La Grulla, and the County Road Foreman and several members of the new party stood near the corner of Benny's Hamburger Stand all day long, as was their custom when an election was being held. They were seen there by members of the old party, but no members of the old party participated in this citizens election. There were 94 votes cast in this election, all for relators. The votes were duly counted and relators were declared elected commissioners, and returns duly made to the Mayor.

On June 5, 1965, the election ordered by the City Commission was held, and some 259 voters participated in this election. Appellants were declared elected City Commissioners by a vote of 259 to 0. It is apparent that only members of the old party participated in this election.

The Texas Election Code provides as follows:

Article 4.05 provides for twenty days notice of an election. Art. 7.13 provides in City elections, the Mayor performs the acts required to be done in other elections by the County Judge. Art. 4.06, the Mayor orders city elections. Art. 13.53, candidates apply for place on ticket at least 30 days before election. Art. 4.10, same for special City elections. Art. 5.05 provides for absentee voting to begin on the 20th day before election day.

It is apparent that a legal election could not have been held on April 6, 1965, and the City Commission of La Grulla did the only

sensible and sound thing they could have done, and set the election at a time when the provisions of the election law could be fully complied with.

In Yett v. Cook, 115 Tex. 205, 281 S.W. 837, Cureton, C. J., speaking for the Supreme Court, said: "However, the date named in the section quoted—the first Monday in February, 1925—was February 2d, a date at which it was impossible to hold an election in compliance with the general laws of the state. * * *

"The view here expressed, to the effect that an election of officers may be held in the city of Austin, although the charter day, February 2, 1925, has passed, is supported by the leading authorities. 38 Corpus Juris, pp. 721, 722; Dillon on Municipal Corporations, vol. 4, §§ 1495, 1496; * * *."

 While the time and the place are generally held to be of the essence of an election, nevertheless, where, as here, it was impossible to hold the election at the time prescribed by the provisions of the laws regulating elections in this State, it should be held within a reasonable time thereafter. We cannot infer that the Legislature intended, if it was impossible to hold a legal election on April 6, 1965, then, and in that event, the election should never be held. State ex rel. Sisson v. Felker, 336 S.W.2d 419 (Mo.).

The only claim that appellees make to the office of City Commissioners of the City of La Grulla is that they were elected at the "Citizens Election" held on April 6, 1965. This election was void because it was not called and proper notice given by the proper authority, Art. 4.06, supra; no candidates were given an opportunity to apply to have their names placed on the ticket, Art. 4.10, supra; there was no opportunity for absentee voting, Art. 5.05, supra. The election of April 6, 1965, being void, relators have no claim to the offices they seek.

There is no evidence of fraud or bad faith on the part of the City Commission in calling the election for June 5, 1965. As far as this record shows, all provisions of the law relating to the holding of city elections were complied with, except that it was not called for April 6, 1965. It has been held, that when absentee voting starts the election has begun. If April 6th was a mandatory date, it would have been necessary for the election to have begun before the City came into existence.

The judgment of the trial court is reversed and judgment here rendered that appellants, Jesus M. Castillo and Pedro Cortez, continue to hold their offices of City Commissioners of the City of La Grulla of Starr County, Texas, and that relators, Antonia V. Saenz and Socorro R. Vera, take nothing by reason of this quo warranto proceeding, and pay all costs of court.

Reversed and rendered.