

# The Attorney General of Texas

October 27, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James F. Hury, Jr.
Criminal District Attorney
Galveston County
Galveston County Courthouse
Room 405
Galveston, Texas   77550

Opinion No. MW-380

Re:    Election    to    create
Dickinson    Bayou    Watershed
Drainage District

Dear Mr. Hury:

You ask several questions regarding an election to establish the Dickinson Bayou Watershed Drainage District. House Bill No. 2300 enacted by the 67th Legislature created the district subject to an election to be held. Acts 1981, 67th Leg., ch. 660, at 2501. Section 4(b) of House Bill No. 2300 provides as follows:

> The temporary board [of directors of the district] shall call an election to be held on November 3, 1981, within the boundaries of the proposed district to determine if the proposed district will be created and boundaries of existing drainage districts changed or existing drainage districts dissolved. (Emphasis added).

You first ask if section 4(b) is mandatory, and if so, whether any penalty may be imposed on the temporary board of directors if they fail to so call and hold the election on that date. You also ask whether the results of an election held on a date other than the one specified in the enabling legislation would be valid.

Section 4(b) is a mandatory provision. The term "shall" generally connotes a mandatory duty. See Hess & Skinner Engineering Co. v. Turney, 203 S.W. 593, 594 (Tex. 1918). Provisions of statutes regulating the time of elections are mandatory, and elections held at another time are invalid. Cartledge v. Wortham, 153 S.W. 297 (Tex. 1913); Clark v. Stubbs, 131 S.W.2d 663 (Tex. Civ. App. – Austin 1939, no writ); Gray v. Ingleside I.S.D., 220 S.W. 350 (Tex. Civ. App. – Fort Worth 1920, writ dism'd). One Texas court has held that an election may be held within a reasonable time after the statutorily provided date, where it is impossible to hold the election on the statutory date and also comply with other applicable election laws. Castillo v. State, 404 S.W.2d 97 (Tex. Civ. App. – San Antonio 1966,

no writ).  As the court analyzed the issue, the only other alternatives were to hold an invalid election on the statutory date, or never to hold the election.  To avoid construing the statute as meaningless on the facts before it, the court ruled that the provision on time of the elections was directory.  404 S.W.2d at 99.

In our opinion, the general rule requiring that elections be held on the statutory date applies to the construction of section 4(b).  There is time between the June 15 effective date of House Bill No. 2300 and the November 3 election date to comply with the provisions regulating election procedures.  Sec. 4.  The circumstances which justified an exception to the general rule in Castillo v. State, supra, are not present here.  We conclude that the district directors have a mandatory duty to call the election for November 3.  If the election is not held on that day, it will not be valid.

House Bill No. 2300 does not include a penalty provision applicable to the directors who fail to call the election for November 3.  However, if the appropriate showing of intent is made, they may be found guilty of official misconduct under section 39.01 of the Penal Code.  See also Water Code §56.063 (removal provision).

You next draw our attention to section 4(d) of House Bill No. 2300 which provides:

> The ballots for the election shall be printed to provide for voting for or against the proposition: ' The creation of the Dickinson Bayou Watershed Drainage District and change of boundaries or dissolution of drainage districts within the boundaries of the proposed district.'

You ask whether the temporary Board of Directors is prohibited by section 4(d) from submitting to the voters at the same election the proposition of the imposition of a maintenance tax as provided in section 53 of the act.

Section 53 provides that the district shall assess a maintenance tax at the same time taxes are levied to pay bonded indebtedness.  Acts 1981, 67th Leg., ch. 660, at 2511.  A provision virtually identical to section 53 has been construed as merely directory as to the time of levy.  Matagorda County Drainage District No. 1 v. Commissioner's Court of Matagorda County, 278 S.W.2d 539 (Tex. Civ. App. - Galveston 1955, writ ref'd n.r.e.).  Thus, section 53 does not prohibit the submission of a maintenance tax proposition to the voters, even though the district has no outstanding bonds at the time of election.

However, we believe the intent of House Bill No. 2300 is to limit the November 3 election to the creation of the district.  The district is not legally created until it is approved at the election held under section 4 of the act.  Secs. 2, 4(b).  Section 4, which details the

election procedure, specifies the purposes for which the election may be called and does not indicate that any other matter may be added to the November 3 election.  Compare Water Code §56.027 (election to determine whether drainage district should be created and whether it should issue bonds and levy taxes).  The directors cannot exercise the power granted in section 53 unless the district is in fact approved pursuant to election.  In our opinion an election to impose maintenance tax may be held only after the district is legally created.

You finally ask whether the provisions found in sections 4(g) and 8(b) requiring the election of new directors on the first Tuesday after the first Monday in November, 1982, violates article 2.01b of the Election Code.  Article 2.01b of the Election Code provides in part:

> (c)  In even-numbered years the only issues which may be included on the ballot of the election held on the first Tuesday after the first Monday in November shall be the election of state and county officers, [elections in certain cities], and constitutional amendments submitted to the people by the legislature.

House Bill No. 2300 was enacted subsequent to the most recent amendments to article 2.01b of the Election Code.  See Acts 1979, 66th Leg., ch. 234, at 503 (amending article 2.01b(c)); Acts 1981, 67th Leg., ch. 314, at 888; Acts 1981, 67th Leg., ch. 607, at 2401 (amending article 2.01b(a) of the Election Code).  To the extent that House Bill No. 2300 is irreconcilable with article 2.01b(c) of the Election Code, it will prevail as the most recent expression of legislative intent.  Conley v. Daughters of the Republic, 157 S.W. 937 (Tex. 1913).  Thus, the election for new directors may be held on the first Tuesday after the first Monday in November, 1982, pursuant to section 4(g) of House Bill No. 2300.

## S U M M A R Y

> Section 4(b) of House Bill No. 2300 creating the Dickinson Bayou Watershed Drainage District is mandatory.  If the election required by section 4(b) to approve creation of the district is held on another day, it is invalid.  The directors of the district may not submit a proposition on imposition of a maintenance tax at a section 4(b) election.  The election for directors may be held in November of 1982 pursuant to section 4(g).

Mr. James F. Hury, Jr. - Page 4     (MW-380)

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger