

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 21, 1986

Mr. O. L. McCotter
Director
Texas Department of Corrections
P. O. Box 99
Huntsville, Texas    77340

Opinion No.  JM-438

Re: Validity of article 6166x-1,
V.T.C.S., regarding good time
credit

Dear Mr. McCotter:

You have asked for an opinion regarding the continuing validity of a statute that provided for prisoners to receive deductions from their sentences because of overtime work. V.T.C.S. art. 6166x-1.

Article 6166x-1 was enacted in 1938 to replace a 1927 statute that contained essentially the same provisions. See Historical Note to article 6166x-1, V.T.C.S. Article 6166x-1 established a scheme under which prisoners received a two-hour deduction from their terms for every hour of "necessary and essential overtime work."

In 1943 the legislature enacted a statute that provided for commutation of time for "good conduct, industry and obedience." Article 61841, V.T.C.S., repealed by Acts 1977, 65th Leg., ch. 347, §6, at 933. Article 61841 contained the following language:

> No overtime allowance or credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences with the exception that for extra meritorious conduct on the part of any prisoner, he may te recommended to the Board of Pardons and Paroles and to the Governor for increased commutation or for a pardon or parole.

> This Act shall not take effect in the cases of those prisoners who at the time this Act takes effect are being credited with more than twenty (20) days per month by virtue of overtime job assignments except upon removal from such assignment because of misconduct, escape, or return to prison because of violation of clemency.

Article 6184l impliedly repealed article 6166x-1. A new statute that is irreconcilably repugnant to an old statute impliedly repeals the old statute. Conley v. Daughters of the Republic, 157 S.W. 937 (Tex. 1913). Since article 6184l stated that no overtime credit may be deducted from prisoners' sentences except as provided therein, it was irreconcilably repugnant to article 6166x-1, which provided for overtime credit to be deducted from prisoners' sentences. Implied repeals are not favored, but this is an instance in which the repealing effect of the latter statute is incontestable since the language of article 6184l makes clear that the legislature intended article 6184l to replace article 6166x-1. See Texas & N.O.R. Co. v. W.A. Kelso Building Material Co., 250 S.W.2d 426, 430 (Tex. Civ. App. -- Galveston 1952, writ ref'd n.r.e.) (implied repeal will be found only when plainly intended by legislature).

Article 6184l did not take effect with respect to prisoners who were earning more than 20 days of overtime credit a month at the time article 6184l otherwise took effect. The provisions of article 6166x-1 remained in effect as to those prisoners. Because a prisoner would have had to have been working 100 hours of overtime a month to have been receiving 20 days of credit a month under article 6166x-1, we assume that the exception from the application of article 6184l applied to very few prisoners. Since the exception from the provisions of article 6184l applied to prisoners who were earning more credit under article 6166x-1 than they could earn under the provisions of article 6184l, we assume that the purpose of the exception was to preclude any conceivable claim that article 6184l operated as an ex post facto law. You tell us that you cannot find any persons or records that shed light on the way article 6166x-1 was applied. Therefore, it seems likely that it has been many years since article 6166x-1 had even the lingering effect provided for in article 6184l.

You are concerned, however, about the effect of the 1977 repeal of article 6184l. You ask whether article 6166x-1, which is still in the statute books because it was not expressly repealed, was resurrected by the repeal of article 6184l and whether prisoners should receive credit under article 6166x-1 as well as article 6181-1, a 1977 statute that regulates good time credit.

Under the common law, the repeal of a repealing statute revived the original enactment. C. Sands, Sutherland Statutory Construction §23.31, at 413 (4th ed. 1985). A Texas statute provides, however, that the repeal of a statute does not revive a law repealed by such statute. V.T.C.S. art. 10, §7. Similar provisions enacted by other jurisdictions have been held to apply to implied repeals as well as express repeals. C. Sands, Sutherland Statutory Construction §23.31 n. 3, at 414 (4th ed. 1985). We think a Texas court would apply the same rule. Thus, article 6166x-1 has not been revived and has no effect.

S U M M A R Y

Article 6166x-1, V.T.C.S., was impliedly repealed in 1943 by the enactment of article 61841, V.T.C.S. The repeal of article 61841 in 1977 did not revive article 6166x-1.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General