**Ex parte Frank Danforth DICK.**

**No. 69683.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1987.

Paige Massey, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., and Deborah S. Bacheller, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus. See Article 11.07, V.A.C.C.P.

On February 9, 1970, the applicant entered pleas of guilty before the court to six indictments, three of which charged him with assault to murder a police officer, two of which charged him with robbery by assault, and one of which charged him with assault with intent to commit murder with malice. The trial court assessed 45 years' imprisonment in each case except the assault with intent to commit murder with malice in which applicant was assessed 25 years' imprisonment. The sentences were to be served concurrently.

The habeas application contends applicant has accrued sufficient overtime hours pursuant to Article 6166x–1, V.A.C.S., to mandate the immediate discharge of his sentence and his release from the Department of Corrections. Applicant claims he has credit for 2,470 hours of overtime, and that according to Article 6166x–1, supra, each hour of overtime accumulated is doubled and ten overtime hours amount to one day which is to be deducted from an inmate's sentence. Applicant argues that he is entitled to a reduction of 494 days, that while his official release date, without overtime credit, is July 25, 1987, he should have been released on March 15, 1986, and should be released immediately.

The State relies upon Texas Attorney Gen.Op. JM–438 (February 21, 1986), which held that Article 6166x–1, supra, was impliedly repealed in 1943 by the enactment of Article 6184*l*, V.A.C.S., and that when Article 6184*l* was expressly repealed in 1977 by Article 6181–1 the repeal did not revive Article 6166x–1, supra. Without an evidentiary hearing the convicting court agreed with the State's position and recommended that relief be denied. The record was forwarded to this Court in accordance with Article 11.07, supra.

Article 6166x–1, as enacted in 1939 (Acts 1939, 46th Leg., p. 534, § 1), provided in part "that no prisoner shall be required to work more than ten hours per day except on work necessary and essential to efficient organization of convict forces * * * and in cases of such necessary and essential overtime work; said prisoners shall

receive a deduction from their sentence of double the hours so worked; and provided further that ten hours shall constitute a day to be deducted from his sentence. This 'necessary and essential work' shall be subject to the recommendations or orders of the general manager.[1] Sunday work on jobs approved by the general manager shall be considered as 'necessary and essential work.' *A strict accounting of credit records of all overtime earned shall be kept* by the man in charge of the unit on which the work is performed and completed; *a report shall be rendered to the general manager each month, who shall approve all such overtime before it is placed to the credit of the inmate. * * And no inmate shall receive any overtime at all unless same is attested by the officer in charge of said inmate, who must certify from his own knowledge that said overtime was actually earned.* For each sustained charge of misconduct in violation of any rule known to the prisoner, all commutation earned by such overtime work shall be subject to complete forfeiture. . . ." (Emphasis supplied.)

In 1943 Article 6184*l*, V.A.C.S., was enacted (Acts 1943, 48th Leg., p. 635, ch. 361), and it was subsequently amended in 1945 and in 1949 (Acts 1945, 49th Leg., p. 245, ch. 180, § 17; Acts 1949, 51st Leg., p. 17, ch. 21, § 1). This statute provided in part:

*"No overtime allowance or credits, in addition to the commutation of time herein provided for good conduct, may be deducted from the term or terms of sentences with the exception* that for extra meritorious conduct on the part of any prisoner, he may be recommended to the Board of Pardons and Paroles and to the Governor for increased commutation or for a pardon or parole.

"This Act shall not take effect in the cases of those prisoners who at the time this Act takes effect are being credited with more than twenty (20) days per month by virtue of *overtime job assignments* except upon removal from such assignment because of misconduct, escape, or return to prison because of viola-

---

**1.** Changed to "director." See Article 6166a–1, V.A.C.S.

tion of clemency; ...." (Emphasis supplied.) Article 6184 *l,* supra.

Article 6184*l,* supra, was repealed by Article 6181–1, V.A.C.S., as enacted in 1977 (Acts 1977, 65th Leg., ch. 347, p. 932 [see § 6 at p. 933]). This statute created a new system of inmate classification and good conduct time, but does not address overtime work by inmates. Article 6181–1, supra. Section 3 of said statute was amended (Acts 1983, 68th Leg., p. 2045, ch. 375, § 1), and Section 4 of the statute was amended (Acts 1985, 69th Leg., p. 6196, ch. 835, § 1).

On February 21, 1986 Attorney General Jim Mattox issued Opinion No. JM 438 addressed to O.L. McCotter, Director, Texas Department of Corrections, holding "Article 6166x–1, V.T.C.S., was impliedly repealed in 1943 by the enactment of Article 6184 *l,* V.T.C.S. The repeal of Article 6184 *l* in 1977 did not revive Article 6166x–1."

In support of its holding the Attorney General stated:

"Article 6184 *l* impliedly repealed article 6166x–1. A new statute that is irreconcilably repugnant to an old statute impliedly repeals the old statute. *Conley v. Daughters of the Republic,* 157 S.W. 937 (Tex.1913). Since article 6184 *l* stated that no overtime credit may be deducted from prisoners' sentences except as provided therein, it was irreconcilably repugnant to article 6166x–1, which provided for overtime credit to be deducted from prisoners' sentences. Implied repeals are not favored, but this is an instance in which the repealing effect of the latter statute is incontestable since the language of article 6184 *l* makes clear that the legislature intended article 6184 *l* to replace article 6166x–1. *See Texas & N.O.R. Co. v. W.A. Kelso Building Material Co.,* 250 S.W.2d 426, 430 (Tex.Civ. App.—Galveston 1952, writ ref'd n.r.e.) (implied repeal will be found only when plainly intended by legislature).

"Article 6184 *l* did not take effect with respect to prisoners who were earning more than 20 days of overtime credit a month at the time article 6184 *l* otherwise took effect. The provisions of article 6166x–1 remained in effect as to those prisoners. Because a prisoner would have had to have been working 100 hours of *overtime* a month to have been receiving 20 days of credit a month under article 6166x–1, we assume that the exception from the application of article 6184 *l* applied to very few prisoners. Since the exception from the provisions of article 6184 *l* applied to prisoners who were earning more credit under article 6166x–1 than they could earn under the provisions of article 6184 *l,* we assume that the purpose of the exception was to preclude any conceivable claim that article 6184 *l* operated as an ex post facto law. You tell us that you cannot find any persons or records that shed light on the way article 6166x–1 was applied. Therefore, it seems likely that it has been many years since article 6166x–1 had even the lingering effect provided for in article 6184 *l.*

"You are concerned, however, about the effect of the 1977 repeal of article 6184 *l.* You ask whether article 6166x–1, which is still in the statute books because it was not expressly repealed, was resurrected by the repeal of article 6184 *l* and whether prisoners should receive credit under article 6166x–1 as well as article 6181–1, a 1977 statute that regulates good time credit.

"Under the common law, the repeal of a repealing statute revived the original enactment. C. Sands, Sutherland Statutory Construction § 23.31, at 413 (4th ed. 1985). A Texas statute provided, however, that the repeal of a statute does not revive a law repealed by such statute. V.T.C.S. art. 10, § 7. Similar provisions enacted by other jurisdictions have been held to apply to implied repeals as well as express repeals. C. Sands, Sutherland Statutory Construction § 23.31 n. 3, at 414 (4th ed. 1985). We think a Texas court would apply the same rule. Thus, article 6166x–1 has not been revived and has no effect." [2]

2. The "repeal of a repealing statute does not     revive the statute originally repealed nor impair

Applicant in a brief which traces the history of the statutes back to 1895 argues that Article 6184*l*, did not impliedly repeal Article 6166x–1, and even though Article 6184*l* was expressly repealed by Article 6181–1 in 1977, Article 6166x–1 is still alive and well.

 Repeals by implication are not favored. *Hines v. State*, 515 S.W.2d 670, 675 (Tex.Cr.App.1974); *Grant v. State*, 505 S.W.2d 279, 282 (Tex.Cr.App.1974), cert. denied, 417 U.S. 968, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974); *Lane v. State*, 165 Tex.Cr.R. 222, 305 S.W.2d 595 (1957). Whether a statute has been repealed by implication is generally a matter of legislative intent. *Grimmett v. State*, 163 Tex. Cr.R. 148, 292 S.W.2d 633, 635 (1952).

After due consideration, we agree that Attorney General Mattox reached the proper conclusion in his opinion JM 438, and we adopt his conclusions.

Further, even if Article 6166x–1 was still effective, applicant has not shown he is entitled to the relief he seeks. There is no showing of any official Department of Corrections records reflecting the credit for overtime claimed by applicant, no showing that the overtime was approved by the director as required by the statute "before it is placed to the credit of the inmate." Applicant attached to his habeas application two "To Whom It May Concern" statements from a supervisor and a plant manager at the same unit, but neither expressly certified "from his own knowledge that said overtime was actually earned." Neither statement was sufficient in itself to show the overtime claimed met the "necessary and essential work" requirement of the statute and had the approval of the Director of the Department of Corrections (formerly General Manager).

the effect of any saving provision in it." V.T. C.A., Government Code, § 311.030, Code Con-

The relief prayed for is denied.

It is so ordered.