## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 26, 2004

Ms. Alicia G. Key
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. GA-0220

Re: Whether a standard felony judgment form should contain the name and address of a crime victim (RQ-0167-GA)

Dear Ms. Key:

You ask whether a standard felony judgment form should contain the name and address of a crime victim.[1]

Article 42.01, section 1 of the Texas Code of Criminal Procedure lists matters that a criminal "judgment should reflect." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp. 2004). Pertinent here, the article specifies information to include when a court orders victim restitution:

> In the event that the court orders restitution to be paid to the victim, a statement of the amount of restitution ordered and:
>
> (A) the name of the victim and the permanent mailing address of the victim at the time of the judgment; or
>
> (B) if the court determines that the inclusion of the victim's name and address in the judgment is not in the best interest of the victim, the name and address of a person or agency that will accept and forward restitution payments to the victim[.]

*Id.* art. 42.01, § 1(25)(A)-(B).

In 2003, the Legislature added section 552.1325 of the Government Code to the Public Information Act (the "PIA"), which makes confidential certain information regarding a victim impact statement:

---

[1]*See* Letter from Alicia G. Key, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Texas Attorney General (Jan. 13, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (b) The following information that is held by a governmental body or filed with a court and that is contained in a victim impact statement or was submitted for purposes of preparing a victim impact statement is confidential:
>
> > (1) the name, social security number, address, and telephone number of a crime victim; and
>
> > (2) any other information the disclosure of which would identify or tend to identify the crime victim.

TEX. GOV'T CODE ANN. § 552.1325 (Vernon Supp. 2004).

The Office of Court Administration is charged with promulgating a standard felony judgment form. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 4 (Vernon Supp. 2004). You ask first if crime victim information appearing in a judgment is confidential under section 552.1325. Request Letter, *supra* note 1, at 2. If so, you ask whether section 552.1325 of the PIA implicitly repealed article 42.01, section 1(25)(A) of the Code of Criminal Procedure, so that judgments may no longer contain a crime victim's name or other identifying information. *Id.*

## I.   **Applicable Law**

Chapter 42 of the Code of Criminal Procedure generally concerns criminal judgments and sentences. A criminal judgment is a court's written declaration of a defendant's conviction or acquittal, and is entered of record. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp. 2004). The sentence served must be based on information in the judgment. *Id.* A sentencing court "may order the defendant to make restitution to any victim of the offense." *Id.* art. 42.037(a). Restitution may be awarded when the offense results in property loss or destruction or bodily injury. *Id.* art. 42.037(b)(1)-(3). As recently explained:

> An order of restitution is akin to the assessment of court costs which compensates the government for the use of judicial resources. The purpose of restitution is not to punish the offender; fines and imprisonment do that. The purpose of restitution is to compensate the victim for his losses. The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.

*Bailey v. State*, No. 2189-01, 2004 WL 574639, at *5 (Tex. Crim. App. 2004) (Cochran, J., concurring).

A restitution order must require the defendant to make restitution either "directly to the victim or other person eligible," or "to a community supervision and corrections department for transfer to the victim or person." TEX. CODE CRIM. PROC. ANN. art. 42.037(g)(4) (Vernon Supp. 2004).[2] This last requirement parallels article 42.01, section 1(25), concerning a judgment's inclusion of a restitution recipient's name and address or alternative forwarding information, which is the article about which you specifically inquire. The failure to identify a restitution recipient has been the basis for striking a restitution order from a judgment. *See Campbell v. State*, 5 S.W.3d 693, 697 (Tex. Crim. App. 1999).

Victim impact statements are primarily addressed in chapter 56, subchapter A of the Code of Criminal Procedure concerning crime victims' rights. In that chapter, a victim is "a person who is the victim of sexual assault, kidnapping, or aggravated robbery or who has suffered bodily injury or death as a result of the criminal conduct of another." TEX. CODE CRIM. PROC. ANN. art. 56.01(3) (Vernon Supp. 2004). One of a victim's rights is "the right to provide pertinent information to a probation department conducting a presentencing investigation concerning the impact of the offense on the victim and his family by testimony, written statement, or any other manner prior to any sentencing of the offender." *Id.* art. 56.02(a)(5). Article 56.03 provides for a victim impact statement to be used "by law enforcement agencies, prosecutors, and other participants in the criminal justice system to record the impact of an offense on a victim of the offense, guardian of a victim, or a close relative of a deceased victim and to provide the agencies, prosecutors, and participants with information needed to contact the victim, guardian, or relative if needed at any stage of a prosecution of a person charged with the offense." *Id.* art. 56.03(a). The victim impact statement must be in a form designed to inform victims of certain rights, and to collect information including :

> (1) the name of the victim of the offense or, if the victim has a legal guardian or is deceased, the name of a guardian or close relative of the victim;

> (2) the address and telephone number of the victim, guardian, or relative through which the victim, guardian of a victim, or a close relative of a deceased victim, may be contacted;

> (3) a statement of economic loss suffered by the victim, guardian, or relative as a result of the offense; [and]

> (4) a statement of any physical or psychological injury suffered by the victim, guardian, or relative as a result of the offense, as described by the victim, guardian, relative, or by a physician or counselor[.]

---

[2]Article 42.037 provides separately for certain restitution representing child support. TEX. CODE CRIM. PROC. ANN. art. 42.037(g)(4), (n)(1)-(2) (Vernon Supp. 2004).

*Id.* art. 56.03(b)(1)-(4). Article 56.09 addresses a victim's right of privacy: "As far as reasonably practical, the address of the victim may not be a part of the court file except as necessary to identify the place of the crime. The phone number of the victim may not be a part of the court file." *Id.* art. 56.09.

Finally, we consider the PIA which makes certain information in a victim impact statute confidential. Under the PIA, certain categories of information are public unless expressly made confidential under other law. TEX. GOV'T CODE ANN. § 552.022(a) (Vernon Supp. 2004). Two categories of public information are "final opinions, including concurring and dissenting opinions, and orders issued in the adjudication of cases," and "information that is also contained in a public court record." *Id.* § 552.022(a)(12), (17). Based on section 552.022, this office concluded in an Open Records Letter ruling that a final judgment was public unless made confidential by other law. Tex. Att'y Gen. ORL 2001-6011 (2001). As you note, section 552.1325 of the PIA makes a victim's name, social security number, address, and other identifying information confidential "that is held by a governmental body or filed with a court and that is contained in a victim impact statement or was submitted for purposes of preparing a victim impact statement." TEX. GOV'T CODE ANN. § 552.1325 (Vernon Supp. 2004); *see* Request Letter, *supra* note 1, at 2. To the extent of irreconcilable conflict with section 552.022, if any, section 552.1325 prevails as the more specific and more recent enactment. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998).

## II.      **Statutory Construction Standards**

The goal in statutory construction is to ascertain and give effect to the legislature's intent. *State v. Hodges*, 92 S.W.3d 489, 494 (Tex. 2002). As a matter of ascertaining legislative intent, implicit statutory repeal is not favored. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *Ex parte Dick*, 724 S.W.2d 69, 72 (Tex. Crim. App. 1987). Statutes concerning the same subject should be harmonized, if possible, to give effect to all. TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998); *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 531 (Tex. 2002) (harmonizing Insurance Code and Labor Code provisions); *Acker*, 790 S.W.2d at 301 (harmonizing predecessor of Administrative Procedure Act and Open Meetings Act provisions).

## III.     **Application**

You ask whether crime victim information in a judgment is confidential, and if the confidentiality requirements of section 552.1325 of the Government Code implicitly repeal the article 42.01, section 1 requirement to include in a judgment the name and address of a victim who will receive restitution. We begin by considering the plain language of section 552.1325. By its terms, only specific crime victim information contained in a victim impact statement is confidential. Chapter 56 of the Code of Criminal Procedure provides for victim impact statements only for victims who suffer bodily injury resulting from "sexual assault, kidnapping, or aggravated robbery." TEX. CODE CRIM. PROC. ANN. art. 56.01(3) (Vernon Supp. 2004). But restitution may be awarded to victims who suffer a purely economic loss. *See, e.g., Idowu v. State*, 73 S.W.3d 918, 920 n.5 (Tex. Crim. App. 2002) (restitution to Chevron Corporation for theft and securing execution of payroll checks by deception). In such a case, no chapter 56 victim impact statement would be prepared, and crime victim information in the judgment would not be subject to section 552.1325 of the Government Code.

In cases in which a victim impact statement has been prepared, the confidentiality for certain identifying information contained in a victim impact statement would also apply to the same information in a judgment as "information that is held by a government body or filed with a court." TEX. GOV'T CODE ANN. § 552.1325 (Vernon Supp. 2004). Otherwise, the statute would fail in its essential purpose if information confidential in the victim impact statement may simply be obtained from the judgment. Consequently, we conclude that information contained in a judgment and a victim impact statement is subject to the confidentiality requirements of section 552.1325. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) (courts do not "lightly presume that the Legislature may have done a useless act").

Section 552.1325 of the PIA does not implicitly repeal article 42.01, section 1 of the Code of Criminal Procedure, because section 552.1325 does not prohibit a judgment from containing the victim's name and mailing address. You state that it appears at cross purposes for article 42.01, section 1 to require certain information in a judgment which clerks must redact under section 552.1325 before the judgement may be disclosed. However, the statutes serve different purposes. If the trial court determines that restitution should be paid directly to the victim, then article 42.01, section 1 requires that the judgment include the victim's name and mailing address. Such information is necessary for the defendant to comply with the judgment. *See Campbell*, 5 S.W.3d at 697; *see also Bailey*, No. 2189-01, 2004 WL 574639, at *5 (stating, "Just as a criminal defendant must be informed of his punishment at the sentencing stage, so must he also be informed of the court costs and any restitution ordered."); *Cox v. State*, 445 S.W.2d 200, 201 (Tex. Crim. App. 1969) (restitution as a condition of probation "should be clearly set out in the probation order by the judge granting probation so that the probationer and the authorities may know with certainty what the conditions are"). Section 552.1325, on the other hand, makes such information confidential and not subject to a public information request. *See* TEX. GOV. CODE ANN. § 552.022(a) (Vernon Supp. 2004) (requiring disclosure of information unless expressly confidential under other law).

To answer your questions, the standard felony judgment form should accommodate the information specified in article 42.01, section 1. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 4 (Vernon Supp. 2004). When the court orders victim restitution, the judgment should include the name and mailing address of such victim. Alternatively, if the court determines it is not in the victim's best interest to include such information, the court may order restitution paid to certain entities for forwarding to the victim. When the victim's name, address, and certain other identifying information appears both in the judgment and a victim impact statement, section 552.1325 of the Government Code makes the information confidential and not subject to disclosure under the PIA.

## S U M M A R Y

A felony judgment must contain the information specified in article 42.01, section 1 of the Texas Code of Criminal Procedure, which includes a crime victim's name and mailing address when the court orders restitution or, alternatively, the name and address of certain specified entities for forwarding to the victim. When the victim's name, address, or other identifying information appears both in the judgment and a victim impact statement, section 552.1325 of the Government Code makes such information in the judgment confidential and not subject to disclosure under the Public Information Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee